O. C. LEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. D. CARR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7403, 7404.   Promulgated March 16, 1927.

1. Petitioners were the only stockholders of a corporation that was dissolved by surrender of charter. Thereafter, they took over all the assets of such corporation in proportion to their stock holdings and continued the business in substantially the same manner in which it had been theretofore conducted. *Held,* that, in the circumstances disclosed by the evidence herein, the business was operated as a partnership during the taxable year.

2. Evidence *held* insufficient to prove that certain accounts receivable were ascertained to be worthless and charged off during the taxable year.

*G. S. Alexander, Esq., J. J. Willingham, Esq.,* and *G. M. Stanton, Esq.,* for the petitioners.
*D. D. Shepard, Esq.,* for the respondent.

The Commissioner asserts deficiencies in income taxes for the year 1920 as to O. C. Lee and C. D. Carr in the respective amounts of $2,351.69 and $10,461.10. The issues raised are (1) whether the Carr-Lee Grocery Co. was operated as a partnership during the taxable year, and (2) whether the petitioners received taxable income during the year as members of a partnership. At the hearing the parties agreed that the two proceedings should be consolidated for hearing and decision.

FINDINGS OF FACT.

The Carr-Lee Grocery Co., hereinafter referred to as the corporation, was incorporated about the year 1909, and was dissolved by

the surrender of its charter on December 1, 1919. At the date of dissolution, O. C. Lee and C. D. Carr owned 28 and 72 shares, respectively, of the outstanding capital stock. An appraisal, to which the respondent has agreed, determined the value of accounts receivable and inventories in the respective amounts of $101,492.29 and $83,262.98, and, upon this valuation, the gain resulting from the liquidation of the company was determined, and the taxes thereon were assessed and paid. The values so determined and agreed to were less than the book value of the assets in the respective amounts of $42,746.30 and $14,503.36. These reductions of book values represented accounts receivable regarded as uncollectible and merchandise in the inventories that was unsalable.

During the taxable year to December 31, 1920, the business was continued in all respects as it had been conducted by the dissolved corporation, except that there was an unusually vigorous effort to make collections and so reduce the amount of accounts receivable. Carr and Lee continued as executives of the enterprise. Traveling men were employed to solicit patronage and make collections in the trade territory that had been developed by the corporation. Merchandise to be resold to customers was bought in the usual way. During this period the total trade turnover was $1,186,808.75, and the total gross profit was $112,899.17. On March 12, 1921, a partnership return of income was made to the collector of internal revenue for the district of Georgia.

The amounts of $42,746.30 and $14,503.36, respectively, representing reductions of book values of accounts receivable and of merchandise inventories at December 1, 1919, were not charged off the books either as worthless accounts or as losses. During the taxable year collections of accounts listed as worthless at date of the dissolution of the company were made in the amount of $41,279.90.

Upon audit of the partnership income-tax return made by Carr and Lee for the year 1920, the respondent added the amount of $41,279.90 to gross income and determined the deficiencies now in controversy.

The business was reincorporated on or about January 1, 1921, with capital stock in the amount of $100,000, divided into 1,000 shares of the par value of $100 each, of which 250 shares were preferred and 750 were common stock. The entire amount of preferred stock of the par value of $25,000 was issued to Carr, who thereafter took no part in the management of the business. The opening balance sheet of the new company was as follows:

CARR LEE GROCERY CO.,
Augusta, Ga
January 1, 1921.

### ASSETS.

Cash on hand and in banks

| | | |
|---|---:|---:|
| Bank | $1, 118. 57 | |
| Drawer | 1, 268. 88 | |
| | | $2, 387. 45 |
| Horse and dray | | 2, 000. 00 |
| Merchandise per inventory | 75, 782. 36 | |
| Less not accepted by new corporation | 24, 092. 09 | |
| | | 51, 690. 27 |
| Store and office fixtures | | 1, 500. 00 |
| Real estate | | 396. 41 |
| Sou. Atlantic Export Co | | 300. 30 |
| A/C Rec. per books | 118, 114. 01 | |
| Less not accepted by new corporation | 45, 123. 12 | |
| | | 72, 990. 89 |
| Total assets | | 131, 265. 32 |

### LIABILITIES.

| | |
|---|---:|
| Accounts payable | 7, 265. 32 |
| Bills payable | 24, 000. 00 |
| Capital stock | 100, 000. 00 |
| | 131, 265. 32 |

The incorporators of the new company reduced the merchandise inventories and accounts receivable as balance sheet items in the respective amounts of $24,092.09 and $45,123.12, but retained such rejected accounts and merchandise on its books and in its inventories for the purpose of making collection and sales for Carr and Lee.

Carr had long planned to retire from business when he should reach the age of 60 years, which was some time in 1920. The dissolution and liquidation of the corporation, the operation of the business during the taxable year by Carr and Lee, and the incorporation of the new company at January 1, 1921, were all done to permit Carr to retire without loss of his investments and profits, and to enable Lee to continue the business with unimpaired good will and credit.

### OPINION.

LANSDON: The Commissioner contends that, upon the surrender of the charter of the Carr-Lee Grocery Co. on December 1, 1919, the stockholders thereof, Carr and Lee, received the entire net worth of the assets of the corporation as liquidating dividends, and that

thereafter, and until December 31, 1920, they conducted the enterprise as a partnership. He holds that such partnership collected during the year the amount of $41,279.90, which cost nothing, since it was realized from accounts receivable that were appraised as worthless at December 1, 1919, and were excluded from the liquidating dividends received by Carr and Lee. The petitioners contend (1) that, during the taxable year, Carr and Lee were not partners but liquidating trustees of the assets of the dissolved corporation and that, therefore, there could be no additional income until the full amount of the net worth of the assets at December 1, 1919, was realized; (2) that if a partnership existed, the alleged additional income resulting from the collection of accounts receivable acquired without cost should be reduced by the amount of accounts receivable, appraised as good at December 1, 1919, and included in liquidating dividends at that date, which were ascertained to be worthless at December 31, 1920.

The evidence is conclusive that Lee and Carr took over all the assets and assumed all the liabilities of the corporation. They continued the business in the same manner, with the same customers and under the same name. We are of the opinion that, in the circumstances herein, the absence of a written partnership agreement is not sufficient to sustain the petitioners' contention that they operated the business as liquidating trustees during the taxable year. See *Appeal of S. B. Quigley*, 2 B. T. A. 159.

The petitioners admit that they collected accounts receivable that had not been included in the liquidating dividends in the amount of $41,279.90. They contend, however, that other accounts receivable in the amount of $33,440.32, which had been appraised as good and included in the liquidating dividends, were ascertained to be worthless during the taxable year, and should be deducted from gross income. This contention is sound, if there is proof that accounts receivable were ascertained to be worthless and charged off during the year 1920. The only evidence of worthlessness offered is that the corporation formed on January 1, 1921, refused to accept accounts receivable then on the books in the amount of $45,123.12. It is admitted that the accounts now alleged to have been worthless were not charged off the books of the partnership in the taxable year. The evidence in support of the alleged worthlessness of such accounts is insufficient, and the failure to charge off is admitted. The action of the Commissioner in disallowing the deduction of $33,440.32 from the gross income of the partnership for the year 1920 is approved.

*Judgment will be entered for the respondent.*